NEW JERSEY STEAM NAV. CO. (CLARKE v.). See Case No. 2,859.

## Case No. 10,167.

NEW JERSEY ZINC CO. v. TROTTER et al.

[23 Int. Rev. Rec. 410; 17 Am. Law Reg. (N. S.) 376.]

Circuit Court, D. New Jersey. 1877.

REMOVAL OF CAUSES — CITIZENSHIP — REPEAL OF STATUTES—LOCAL PREJUDICE.

[1. The second and third subdivisions of Rev. St. § 639, relating to removals by one of several defendants. and to removals on the ground of prejudice and local influence, are not in conflict with the provisions of the act of 1875 [18 Stat. 470] so as to be repealed by the latter act.]

[2. Where one defendant is a citizen of a different state from plaintiff, and others are citizens of the same state, and the latter, by answer in the state court, disclaim all interest in the controversy. this does not bring the cause within that clause of the act of 1875 which authorizes removal by a single defendant when the controversy is wholly between citizens of different states, and can be wholly determined as between them; for the matter must be determined·upon the case made in the complaint, and not by the answers.]

[3. In such case the cause is not removable on the ground of local prejudice under the third subdivision of Rev. St. § 639; for under this section all·defendants must join in the petition, and they must all be nonresidents of the state.

Thomas N. McCarter, for petitioner.

John E. Parsons, for respondent.

NIXON, District Judge. This is a motion to remand to the state court the controversy pending between the New Jersey Zinc Company, a corporation created by the laws of New Jersey, and Charles W. Trotter, a citizen of the state of New York. The complainant filed its bill in the court of chancery of New Jersey, on the 22d of January, 1877, against Trotter and one William Dixson and Daniel P. Mapes, for an injunction to restrain them from digging, mining and carrying away or using any of the zinc ores, or other ores, found upon certain described premises, on Mine Hill, in the county of Sussex, New Jersey, except franklinite and iron ores, when they exist separate from zinc ore, and to account for all the ores which had already come into their hands. The bill alleges that Dixson and Trotter were engaged in business as partners, and that the other defendant, Mapes, acting or claiming to act under the authority of the firm, had entered upon a portion of the premises and excavated and removed therefrom a considerable quantity of the ores. Answers were severally filed by the defendants: the said Dixson

acknowleding that he was the partner of Trotter in other matters, but disclaiming all interest in the pending controversy, and denying that he ever authorized Mapes to mine, or remove any of said ores, or that he now claims or ever claimed any right, property or interest therein: the said Mapes setting up, that in entering upon the premises and mining the ores, he was simply acting by the command and under the authority of his employer, Trotter, disclaiming all pretence of right to perform such acts, except as the agent and servant of Trotter; and the said Trotter, replying upon the merits, claiming that he was solely interested in the premises, as the lessee of one James L. Curtis, the surviving trustee of the Franklinite Mining Company; that he employed Mapes to enter, mine and carry away the ores, as he had the right and authority to do, under the provisions of a certain lease for said premises, from the trustee, duly executed March 6, 1877. Upon the filing of the bill the state court granted a preliminary order, restraining the defendants from carrying away, or otherwise disposing of, any of the ores then mined or thereafter to be mined, upon the premises, except franklinite and iron ores, when they exist separate from the zinc ore. In this state of the pleadings, the defendant, Trotter, on the 31st of August, 1877, filed in the state court a petition, praying for the removal of the cause to this court. He set forth in the petition, that complainant was a citizen of the state of New Jersey, and the petitioner a citizen of New York, and that the whole controversy in the suit was wholly between citizens of different states; that although Mapes & Dixson were joined in the bill of complaint, as defendants with the petitioner, yet, in fact, neither of them had any interest in said controversy; that the same was between the complainant and petitioner and could be fully determined between them, without the presence of the other defendants; and further, that he had annexed thereto and filed therewith, an affidavit, that he had reason to believe, and did believe, that from prejudice and local influence, he would not be able to obtain justice in the state court. Not, as was explained upon the argument, from any lack of confidence in the integrity or ability of the chancellor, but because he would feel obliged to follow the decision of the court of errors and appeals of New Jersey, in the case of New Jersey Zinc Co. v. Boston Franklinite Co. [2 Beas. 322], which was supposed to be against the claims of the defendant in this case.

The counsel for respondent insists that the case should be remanded, because the act of March 3, 1875 (18 Stat. 470), has repealed all antecedent legislation in regard to the removal of causes, and because the present controversy does not fall within the provisions of the said act. The counsel for the petitioner claims that only such portions of the acts of 1866 [14 Stat. 306] and 1867 [Id. 558] as are in conflict with the law of 1875, are repealed by it; that the second and third subdivisions of section 639 of the Revised Statutes are still in force, and that the pending suit comes within both of these subdivisions; or, if he is mistaken with regard to the existence of that law, he is, nevertheless, entitled to the removal under the second and third sections of the act of March 3, 1875.

In order to understand the present state of the law in the matter of the removal of causes from the state to the national courts, it may be proper to advert briefly to the previous legislation upon the subject. Whilst the judicial power of the United States is vested, by the provisions of the third article of the constitution of the United States in one supreme court, and in inferior courts, it is left to congress to say, from time to time, what inferior courts shall be ordained and established. When the congress acts, and clothes these subordinate tribunals with jurisdiction, the extent of the jurisdiction—within the range of the constitutional authority to act. as limited by the second section of the third article—is wholly determined by the congressional will. Until within a few years, all the general legislation upon the subject is found in the twelfth section of the judiciary act [1 Stat. 79]. It is here that the class of cases is defined in which the power of removal exists. and the circumstances are found under which such removal may be effected. The amount in dispute must be $500; the suit must be commenced in the state court against an alien. or by the citizen of the state in which the suit is brought, against the citizen of another state; and the petition for removal must come from the defendant or defendants, and be filed in the state court at the time of entering an appearance to the action. Under these provisions, it was early decided, that the right of removal existed only with the defendant; that where there was more than one, all must join in the petition, and to authorize the removal, that all the plaintiffs must be citizens of the state in which the suit was brought, and all the defendants citizens of some other state or states.

The right to remove was enlarged by the act of July 27, 1866. It was therein provided, that if it appeared to the satisfaction of the court, that there was an alien defendant and a citizen of the state wherein the suit was brought, or that the suit was against a citizen of the same, and the citizen of another state, and was for the purpose of enjoining or restraining him or was one in which there could be a final determination of the controversy, so far as it concerned him, without the presence of the other defendants, as parties in the cause; in every such case the alien defendant, or the non-resident citizen, might petition the state court for its removal. as against him, at any time before the trial or final hearing. But such removal did not take away the right to proceed at the same time in the state court against the other defendants, if the plaintiff desired so to do.

This act was amended, and the jurisdiction still further enlarged by the act of March 2, 1867. Under its provisions, when there was a suit between a citizen of the state in which it was brought, and a citizen of another state, such non-resident citizen, whether he was plaintiff or defendant, might remove the cause into this court, by filing a petition in the state court at any time before trial or final hearing, upon filing an affidavit in the state court, alleging that he had reason to believe, and did believe, that from prejudice or local influence he would not be able to obtain justice in the state court. These three acts embrace the general legislation of congress, on the subject of the removal of suits, previous to the act of March 3, 1875, to which reference will be made hereafter; and their various provisions are grouped under the first, second and third subdivisions of section 639 of the Revised Statutes of the United States, where the confused phraseology of the act of July 27 1866, has been corrected and made intelligible. The subsequent legislation occurs in the act of March 3, 1875, entitled "An act to determine the jurisdiction of circuit courts of the United States and to regulate the removal of causes from state courts and for other purposes." 18 Stat. 470. Omitting from the second and third sections everything that does not concern the present inquiry, they provide, in substance, that any civil suit at law or in equity, pending or hereafter brought in any state court, * * * in which there shall be a controversy between citizens of different states, may be removed by either party into the circuit court of the United States for the proper district, upon filing a petition in the state court before or at the term at which the said cause could be first tried and before the trial thereof. And when, in any such suit, there shall be a controversy which is wholly between citizens of different states, and which can be fully determined as between them, then either one or more of the plaintiffs or defendants, actually interested in such controversy, may remove said suit. It was clearly the general design of this act to enlarge the jurisdiction of the court in the matter of the removal of suits as well as in other matters. Whether such a result has beeen secured will depend upon the operation of the tenth section, which provides that all acts and parts of acts in conflict with the provisions of that act are repealed.

At the hearing the arguments of counsel turned principally upon the question as to how far the previous legislation conflicted with, and had beeen superseded by, the act of 1875. It seemed to be conceded on both sides that the first subdivision of section 639 of the Revised Statutes was covered by the more comprehensive provisions of this last act, and the chief controversy was in regard to the second and third subdivisions. Each of these provides for the removal of causes under a state of circumstances which are not provided for in the act of 1875, and unless they are in conflict with the provisions of the later act they are not repealed by it; for instance, the second subdivision authorizes the splitting of a cause under certain circumstances, leaving some of the parties to go on with the suit, as to them, in the state court and allowing the removal as to other parties to this court, whenever there could be a final determination of the controversy, so far as they were concerned, without the presence of the other parties. The last clause of the second section of the act of 1875 has retained some of these provisions in permitting one or more of either the plaintiffs or defendants to remove the suit when there is a controversy therein wholly between citizens of different states and which can be fully determined as between them. But it does not allow the splitting of the cause; and although one of the plaintiffs or defendants may petition for the removal under the conditions named, such petition takes the suit and all the parties to it, and not, as under the other act, merely a controversy wholly determinable between some of the parties, leaving the other matters involved therein between other parties for the action and adjudication of the state courts. And likewise the third subdivision provides for the removal of the cause by either a non-resident plaintiff or a non-resident defendant, upon filing an affidavit of prejudice or local influence, and this provision is altogether omitted in the act of 1875. Unless these differences existing between the old and new legislation create a conflict both must stand, because only contrary or repugnant acts or parts of acts are repealed. And wherein is the conflict? Because the act of 1875 authorizes the removal of the whole suit under the existence of certain facts, does it necessarily repeal those features of the act of 1866, transferred to the revision, which permit a suit to be split and to be removed in part upon the existence of other and varying facts? When it is apparent that it was the intention of congress to amplify the jurisdiction of the court, must such a construction be placed upon their act that the jurisdiction will be restricted? And yet such would be the result, if it be held, that either the provisions of the act of 1866, authorizing a defendant to remove a cause, as to him, or the provisions of the act of 1867 in regard to prejudice or local influence, were superseded by the more recent legislation. Holding, then, that the second and third subdivisions of section 639 are still in force, the question reverts, whether the present suit is removable either in whole or in part under any existing law? The complainant is a corporation, resident of the state wherein the action is brought. Two of the defendants live in the same state and one in the state of New York. The petition for removal has been filed in the state court by the non-resident defendant alone. If the two other defendants had united in the petition, the

whole suit could have been removed into this court, under the provisions of the act of 1875. They have not joined with the petitioning defendant, but have answered in the state court, disclaiming all interest in the controversy. Will such disclaimer bring the case within the last clause of the second section of that act, which authorizes a single plaintiff or defendant to petition for the removal, when the controversy is wholly between citizens of different states and ought be fully determined between them? We think not. We must decide upon the case made by the bill of complainant, and not by the disclaimer of the defendants. It is, doubtless, true that if immaterial parties have been added, merely to give jurisdiction, or to hinder a removal, the court would and ought to disregard their presence. Wood v. Davis, 18 How. [59 U. S.] 467. But neither Mapes nor Dixon is a nominal party, if the allegations of the bill, as to their acts or interests, are true. Their presence is necessary to the complete maintenance and vindication of the rights of the complainant; for the whole controversy—embracing indemnity for the past and security and protection for the future—cannot be determined without them. Nor is the suit removable under the third subdivision of section 639. All the defendants have not joined in the petition; nor are they all non-residents of the state; and both of these facts must exist to bring the case within the provisions of that clause of the section. Bixby v. Couse [Case No. 1,451]; Sewing Machine Co., 18 Wall. [85 U. S.] 587. In the latter case the supreme court say: "Either the non-resident plaintiff or non-resident defendant may remove the cause under the last named act (act of March 2, 1867), provided all the plaintiffs or all the defendants join in the petition, and all the party petitioning are non-residents, as required under the judiciary act; but it is a great mistake to suppose that any such right is conferred by that act, where one or more of the plaintiffs or one or more of the petitioning defendants are citizens of the state in which the suit is pending, as the act is destitute of any language which can be properly construed to confer any such right, unless all the plaintiffs or all the defendants are non-residents and join in the petition."

The only remaining inquiry is, whether the suit is removable in part under the second subdivision of section 639. If it be conceded that that clause of the section is in force, there is no reasonable doubt but that the case under consideration is within it. This is a suit brought, so far as it relates to the petitioning defendant, to restrain and enjoin him; and it is also one in which there can be a final determination of the controversy, so far as concerns him, without the presence of the other defendants, as parties to the cause. It answers to all the requirements of that clause of the section which allows a severance of the defendants; the non-resident petitioner coming here for the determination of his rights, and the other resident defendants remaining in the state court, in which the controversy, as to them, may be still carried on by the complainant.

The motion to remand must be refused and the cause will proceed in this court against the petitioning non-resident defendant alone.[1]

[NOTE. There was also another bill subsequently filed by the New Jersey Zinc & Iron Co. against Charles W. Trotter, James L. Curtis, and the Franklinite Steel & Zinc Company, to obtain the reformation of certain deeds. The cause was heard on a motion to remand to the state court. The motion was granted. 18 Fed. 337.

[An action of trespass had been instituted by Trotter to recover damages of the New Jersey Zinc Company for entering on his lands and digging up and carrying away a quantity of ore. Judgment was rendered in favor of Trotter for $3,320 damages and costs. Case unreported. Defendants then removed the case, by writ of error, to the supreme court. A motion made by Trotter to dismiss, because the value of the matter in dispute did not exceed $5,000, was granted. 108 U. S. 564.]

---

NEW JERSEY ZINC CO. (WETHERILL *v.*). See Cases Nos. 17,463 and 17,464.

---

[1] See the opinion of BALLARD, J., to the same effect, in Cooke v. Ford [Case No. 3,173].

